UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ERWIN JACKSON,

                Plaintiff,

       -against-                         **MEMORANDUM AND ORDER**
                                                      21-CV-5318 (RPK) (SIL)

THE MEMBERS OF THE NEW YORK
STATE LEGISLATURE and the NASSAU
COUNTY DISTRICT ATTORNEY,

                Defendants.

-------------------------------------------------------x
RACHEL P. KOVNER, United States District Judge:

      *Pro se* plaintiff Erwin Jackson attacks the constitutionality of New York Penal Law § 70.08, which establishes the criteria for sentencing persistent violent felony offenders. *See* Compl. 1 (Dkt. #1).* He seeks a writ of mandamus and declaratory and injunctive relief against state officials. He also moves to proceed *in forma pauperis*. Mot. for Leave to Proceed *In Forma Pauperis* (Dkt. #5). The motion to proceed *in forma pauperis* is granted, but for the reasons that follow, Mr. Jackson's complaint is dismissed in full under 28 U.S.C. § 1915A and § 1915(e)(2)(B).

## BACKGROUND

      Section 70.08 is New York's provision for sentencing persistent violent felony offenders. It defines "persistent violent offender" as "a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 . . . after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04 of this article." N.Y. Penal Law § 70.08(1).

---

* Citations to the complaint use its PDF pagination.

1

The statute provides that "[w]hen the court has found, pursuant to the provisions of the criminal procedure law, that a person is a persistent violent felony offender the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment." *Id.* § 70.08(2).

Mr. Jackson was sentenced pursuant to Section 70.08. S*ee* Compl. 2. He argues that Section 70.08 violates the Sixth Amendment right to a jury trial because it requires the judge, not a jury, to determine whether a defendant has previously been convicted of a "violent felony offense." *Id.* at 1 (citing, *inter alia*, *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).

Mr. Jackson seeks a writ of mandamus under 28 U.S.C. § 1361 to prevent New York's legislators and the Nassau County District Attorney from enforcing the act. In addition, under 42 U.S.C. § 1983, he also seeks a declaratory judgment against the statute and an injunction preventing its enforcement. Compl. 2-3. Finally, Mr. Jackson moves to certify the question of Section 70.08's constitutionality to the New York Court of Appeals. *Id.* at 8.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," that it "fails to state a claim on which relief may be granted," or that it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must similarly dismiss any civil suit filed by an incarcerated person seeking redress from a governmental entity or from government officers or employees "if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). To avoid dismissal for failure to state a claim, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). Moreover, if a "liberal reading of the complaint gives any indication that a valid claim might be stated," the plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d. Cir. 1999) (per curiam)); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Nevertheless, if the problems with the complaint are "substantive" ones that cannot be cured with "better pleading," dismissal with prejudice is appropriate. *Cuoco*, 222 F.3d at 112; *see Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013).

## DISCUSSION

Mr. Jackson's complaint is dismissed. The mandamus petition and claims against the state legislators are dismissed for lack of jurisdiction. Mr. Jackson's Section 1983 claims against the Nassau County District Attorney are dismissed for failure to state a claim. And since district courts lack the authority to certify questions to the New York Court of Appeals,

the Court does not address his request for certification. *See* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27 (2021).

### I. The Court Lacks Mandamus Jurisdiction Over Defendants

Plaintiff's petition for a writ of mandamus is denied because the Court does not have mandamus jurisdiction. Under the provision Mr. Jackson invokes, 28 U.S.C. § 1361, federal courts have the authority "to compel an officer or employee of the *United States* or any agency *thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). In contrast, federal courts have no general power to compel action by state or local officials. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988).

Plaintiff's petition for a writ of mandamus can be construed, at most, as seeking to compel action by the defendants to this suit. *See* Compl. 2. Because defendants are state officials, not federal ones, the Court lacks jurisdiction over plaintiff's mandamus request. *See, e.g.*, *Davila v. Johnson*, No. 15-CV-2665 (AJN), 2015 WL 8968357, at *5 (S.D.N.Y. Dec. 15, 2015); *Marom v. Town of Greenburgh*, No. 20-CV-03486 (PMH), 2021 WL 797648, at *4 (S.D.N.Y. Mar. 2, 2021); *DeJesus v. Rudolph*, No. 19-CV-4480 (CM), 2019 WL 5209599, at *2 (S.D.N.Y. Oct. 11, 2019); *Spain v. Lowery*, No. 19-CV-2158 (KAM) (LB), 2019 WL 2330881, at *2 (E.D.N.Y. May 23, 2019); *Bey v. Barnett*, No. 18-CV-3935 (PKC) (RER), 2018 WL 5830815, at *1 (E.D.N.Y. Nov. 7, 2018).

### II. Legislative Immunity Bars Mr. Jackson's Remaining Claims Against the New York State Legislators

The doctrine of legislative immunity compels dismissal of the remaining claims against the state legislators. "To insure that the legislative function may be performed independently without fear of outside interference," legislators enjoy immunity for official conduct "[with]in the sphere of legitimate legislative activity." *Sup. Ct. of Va. v. Consumers Union of U. S., Inc.*,

4

446 U.S. 719, 731-32 (1980). This immunity is absolute, *Schultz v. N.Y. State Unified Ct. Sys.*, 104 F.3d 356 (Table), 1996 WL 705426, at *2 (2d Cir. 1996) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)), and it extends to claims for declaratory judgment and injunctive relief brought under Section 1983, *ibid*. Since "absolute legislative immunity" bars suits against state legislators for "refusing to amend" a law—even an "invalid" one—Mr. Jackson's claims against the members of New York's legislature must be dismissed. *Sup. Ct. of Va.*, 446 U.S. at 733-34.

**III.    Plaintiff's Attack on Section 70.08 Is Without Merit**

Finally, Mr. Jackson fails to state a claim under Section 1983 against the Nassau County District Attorney. A court confronting a request for relief brought by a prisoner under Section 1983 must first consider whether the relief would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). If it would, "the complaint must be dismissed." *Ibid*.

Applying these principles, Mr. Jackson's suit must be dismissed. Mr. Jackson seeks to sidestep *Heck* by seeking a declaratory judgment, rather than direct relief. Compl. 7 ("Petitioner does not by way of this petition seek early release, modification sentence, or discharge from prison."). But under *Heck*, "a state prisoner's § 1983 action is barred . . . no matter the relief sought . . . no matter the target of the prisoner's suit . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis omitted). Since a finding that Section 70.08 is unconstitutional would "necessarily imply the invalidity of [Mr. Jackson's] . . . sentence," the Section 1983 claims "must be dismissed." *Heck*, 512 U.S. at 487.

Even if *Heck*'s bar did not apply, Mr. Jackson's Section 1983 claims would fail because he identifies no constitutional violation. As a general rule, the Sixth Amendment requires that

5

juries, not judges, must find facts establishing the elements of the crime charged in a criminal case. *Alleyne v. United States*, 570 U.S. 99, 114-15 (2013). However, a "narrow exception" permits a judge to find the fact of a prior conviction, even if that fact increases the maximum possible sentence to which the defendant is exposed. *Id.* at 111 n.1; *see Almendarez-Torres v. United States*, 523 U.S. 224, 243-44 (1998); *United States v. Arline*, 835 F.3d 277, 280-81 (2d Cir. 2016).

Mr. Jackson contends that Section 70.08 does not fall within this exception because the statute requires a judge not only to determine whether a defendant has committed a prior felony, but also whether the prior felony was "violent." Compl. 14-15. But Mr. Jackson misunderstands Section 70.08. "[Section] 70.08 is a straightforward recidivism statute that enhances a defendant's liability based solely on a finding of prior convictions under specific statutes." *Boutte v. Poole*, No. 07-CV-8412 (GEL), 2008 WL 3166696, at *4 (S.D.N.Y. Aug. 4, 2008). Section 70.08 defines a "persistent violent offender" as a defendant who has at least two prior convictions of the felonies listed in Section 70.04(1)(b) and is now being convicted of another felony listed in Section 70.02, Section 130.95, or 130.96. *See* N.Y. Penal Law §§ 70.08(1)(a), 70.02, 130.95-.96, 70.04(1)(b). As used in Section 70.08, "violent felony offense" and "predicate violent felony convictions" are terms of art, referring to specific felonies. Since this statute "relies solely upon the court's finding of qualifying prior convictions to impose a sentence above what would otherwise be the statutory maximum," it "falls squarely within [the] exception for sentence enhancements based solely on prior convictions." *Antinuche v. Zon*, No. 05-CV-01246 (ENV), 2010 WL 2035795, at *11 (E.D.N.Y. May 20, 2010) (holding that Section 70.08 does not violate Sixth Amendment); *Boutte*, 2008 WL 3166696, at *4 (same); *Nash v. Ercole*, No. 08-CV-5293 (DLC), 2009 WL

2778247, at *2 (S.D.N.Y. Sept. 1, 2009) (same); *People v. Bell*, 15 N.Y.3d 935, 935-36 (N.Y. 2010) (same).

Nor is Mr. Jackson's notice argument availing. Mr. Jackson contends that prosecutors violated due process by failing to disclose in the indictment that a felony constitutes a "violent felony" under Section 70.08 and may lead to a greater sentence. Compl. 11. However, while "[a]n indictment must set forth each element of the crime that it charges . . . . it need not set forth factors relevant only to the sentencing." *Almendarez-Torres*, 523 U.S. at 228; *see Apprendi*, 530 U.S. at 489-90 (prior convictions need not be listed on an indictment); *United States v. Marsalis*, 314 F. Supp. 3d 462, 466 n.4 (E.D.N.Y. 2018). Since Section 70.08's classification scheme bears only on sentencing, Mr. Jackson has not stated a constitutional violation.

## CONCLUSION

The complaint is dismissed. Because the problems with Mr. Jackson's complaint are "substantive" ones that cannot be cured with "better pleading," the complaint is dismissed with prejudice. *Cuoco*, 222 F.3d at 112; *see Ashmore*, 510 F. App'x at 49 (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint). Accordingly, the Clerk of Court is directed to enter judgment and close the case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                /s/ Rachel Kovner
                                                RACHEL P. KOVNER
                                                United States District Judge

Dated:        February 21, 2022
                Brooklyn, New York